# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TYRONE BUNTING, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 09-56-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

---

Tyrone Bunting. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

## MEMORANDUM OPINION

March 26, 2012
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Tyrone Bunting ("Bunting"). (D.I. 1) For the reasons discussed, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL[1] AND PROCEDURAL BACKGROUND

Early in the morning of February 28, 2003, a then unidentified individual robbed a convenience store located at Fourth and Union Streets in Wilmington, Delaware. The security camera's videotape showed the robber, wielding a pellet gun, enter the store wearing a black New York Yankees jacket. The videotape also showed the robber take two money-filled envelopes and flee the store. Wilmington police officer Tracy Hammond invetsigated and reviewed the videotape. Several days later, on the morning of March 3, Hammond and her partner observed a man, later determined to be Bunting, walking in the vicinity of Sixth Street and Greenhill Avenue. Hammond believed that Bunting fit the description of the robber in the videotape. On seeing the officers' car, Bunting abruptly changed direction and entered the passenger's side of a nearby van. The police then stopped the van and removed Bunting for questioning. After conducting a pat-down search, Hammond asked Bunting for identification. Bunting gave the officer a fictitious name, and stated that he had no form of identification. After later determining his true identity at the station, the officers learned that the Newark police sought Bunting on an outstanding first degree robbery warrant. Wilmington police held him in

---

[1]The facts are quoted directly from *Bunting v. State*, 860 A.2d 809 (Table), 2004 WL 2297395, at *1 (Del. Oct. 5, 2004).

custody based on that warrant and a charge of criminal impersonation. About eleven hours later, Wilmington police began questioning Bunting, who eventually confessed to the Union Street robbery and to another unrelated robbery. *Bunting*, 2004 WL 2297395, at *1.

On April 7, 2003, the New Castle County grand jury indicted Bunting on two counts of first degree robbery and one count of second degree robbery. (D.I. 9 at 2) Bunting filed a motion to suppress on August 11, 2003, which the Superior Court denied after a hearing on December 19, 2003. *Id.*

Following a two-day jury trial in January 2004, Bunting was convicted on one count of first degree robbery and one count of second degree robbery. He was acquitted on the remaining charge of first degree robbery. *Id.*; *Bunting*, 2004 WL 2297395, at *2. On March 12, 2004, the Superior Court sentenced Bunting as an habitual offender to a total of twenty-five years of imprisonment at Level V, followed by six months of Level III probation. The Delaware Supreme Court affirmed Bunting's convictions and sentences on October 5, 2004. *Bunting*, 2004 WL 2297395.

On June 7, 2007, Bunting filed a motion for state post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion"), alleging: (1) tainted and contaminated jury pool because a State witness (one of the robbery victims) entered the courtroom during jury selection; (2) abuse of discretion for failing to remove the witness from the courtroom; (3) prosecutorial misconduct for failing to stop the jury selection process while the witness was in the courtroom; and (4) ineffective assistance of counsel for failing to object to the presence of the witness during jury selection. *State v. Bunting*, 2007 WL 2306954, at *1 (Del. Super. Ct. Aug. 10, 2007). Bunting's prior counsel filed an affidavit responding to the allegations of

2

ineffective assistance of counsel. The Superior Court denied the Rule 61 motion after concluding that the first three claims were procedurally barred under Rule 61(i)(3) due to Bunting's failure to assert them on direct appeal, and that his ineffective assistance of counsel claim lacked merit. *Id.* at *2-3. Bunting appealed, and the Delaware Supreme Court affirmed the Superior Court's decision on June 6, 2008. *Bunting v. State*, 950 A.2d 658 (Table), 2008 WL 2315897 (Del. June 6, 2008), *reh'g denied en banc* (Del. June 26, 2008).

Bunting filed the instant habeas petition in January 2009, asserting the following four grounds for relief: (1) his jury was contaminated because a prosecution witness was seated in the courtroom for a portion of jury selection; (2) the Superior Court judge erred in failing to call in a new panel of jurors once the witness was found to have been seated in the courtroom during jury selection; (3) the prosecutor engaged in misconduct because he did not have the witness removed from the courtroom at the start of jury selection; and (4) his attorney provided ineffective assistance by failing to request a new jury panel once the witness was found seated in the courtroom during jury selection. (D.I. 1) The State filed an answer, arguing that the petition should be dismissed as time-barred. (D.I. 9) Alternatively, the State contends that claims one, two, and three should be denied as procedurally barred, and claim four should be denied for failing to satisfy the standards articulated in § 2254(d)(1). *Id.*

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320,

3

336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions

by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Bunting's petition, dated January 2009, is subject to the one-year limitations period

contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Bunting does not allege, and the court

cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly,

the one-year period of limitations began to run when Bunting's conviction became final under §

2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does

not seek certiorari review, the judgment of conviction becomes final upon expiration of the

ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States,* 166

F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this

case, the Delaware Supreme Court affirmed Bunting's convictions and sentences on October 5,

2004, and he did not file a petition for a writ of certiorari in the United States Supreme Court.

Consequently, Bunting's conviction became final for the purposes of § 2244(d)(1) on January 3,

2005. Accordingly, to comply with the one-year limitations period, Bunting had to file his

§ 2254 petition by January 3, 2006. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding

that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Bunting did not file his habeas petition until January 15, 2009,[2] more than three full years

after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless

the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, __ U.S. __,

130 S.Ct. 2549, 2560 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The

court will discuss each doctrine in turn.

## B.  Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls

AEDPA's limitations period during the time the application is pending in the state courts,

including any post-conviction appeals, provided that the application is filed during AEDPA's

one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000).  In this case,

Bunting's Rule 61 motion has no statutory tolling effect because it was filed on June 7, 2007,

approximately one and one-half years after the expiration of AEDPA's limitations period.

Therefore, the petition is time-barred unless equitable tolling is available.

## C.  Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances

when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2)

---

[2]The court adopts January 15, 2009 as the filing date because it is the date listed in
Bunting's certificate of mailing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir.
2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to
be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130

S.Ct. at 2562 (emphasis added). Equitable tolling is not available where the late filing is due to

the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616,

618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that

equitable tolling of AEDPA's limitations period may be appropriate in the following

circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights;
> or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Bunting does not allege, and the court cannot discern, that any extraordinary

circumstances prevented him prevented him from filing his habeas petition with this court in a

timely manner. And, although Bunting contends that the court should equitably toll the

limitations period because he has "exercised reasonable diligence in investigating and bring his

claims,"[3] the court is not persuaded. The obligation to act diligently "does not pertain solely to

the filing of the federal habeas petition, rather it is an obligation that exists during the period [the

prisoner] is exhausting state remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir.

2005). As previously explained, the Delaware Supreme Court affirmed Bunting's convictions

and sentences on October 5, 2004, but he waited until June 7, 2007, approximately two years and

eight months later, to file his Rule 61 motion in the Delaware Superior Court. He then waited

another seven months after the Delaware Supreme Court affirmed the Superior Court's denial of

---

[3](D.I. 1 at 14)

6

the Rule 61 motion to file the instant habeas petition. Bunting has not offered any explanation

for these lapses in time. To the extent Bunting simply miscalculated AEDPA's filing deadline, it

is well settled that a prisoner's ignorance of the law and lack of legal expertise does not excuse a

prompt and timely filing. *See Jones*, 195 F.3d at 160; *Simpson v. Snyder*, 2002 WL 1000094, at

*3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an

extraordinary circumstance for equitable tolling purposes). Thus, for all of these reasons, the

court concludes that the doctrine of equitable tolling is not available to Bunting on the facts he

has presented. Accordingly, the court will dismiss the petition as time-barred.[4]

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also

decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A

certificate of appealability is appropriate when a petitioner makes a "substantial showing of the

denial of a constitutional right" by demonstrating "that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2);

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on

procedural grounds without reaching the underlying constitutional claims, the court is not

required to issue a certificate of appealability unless the petitioner demonstrates that jurists of

reason would find it debatable: (1) whether the petition states a valid claim of the denial of a

constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Bunting's petition filed pursuant to 28 U.S.C. § 2254 is

---

[4]Having determined that the petition is time-barred, the court will not address the State's
alternative reasons for denying the petition.

time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Bunting's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.)

An appropriate order will be entered.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TYRONE BUNTING, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 09-56-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY

ORDERED that:

1. Tyrone Bunting's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C §

2254, is **DISMISSED**, and the relief requested therein is **DENIED**. (D.I. 1)

2. The court declines to issue a certificate of appealability because Bunting has failed to

satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: March 26, 2012

CHIEF, UNITED STATES DISTRICT JUDGE